LOUISVILLE & NASHVILLE R. CO. *v.* J. B. BROWN.

[Kentucky Law Reporter, Vol. 3—82.]

**Damage for Killing Animals.**

 If, in a suit against a railroad company for damages caused by its cars killing plaintiff's animal, the evidence is conflicting, and two juries on the same facts have returned verdicts for the plaintiff, the Court of Appeals will not disturb the verdict.

**Jury Viewing Premises.**

 Where, in a damage suit against a railroad company for killing an animal, the ground and crossing and the approaches to the crossing are fully described and made plain by the evidence, it is proper for the court to refuse to order the jury to view the premises where the animal was killed.

### APPEAL FROM HART CIRCUIT COURT.

June 9, 1881.

OPINION BY JUDGE PRYOR:

On the former appeal in this case one of the questions distinctly passed on by this court was as to the burden of proof; but one of the errors assigned was that the verdict was contrary to the evidence. While the failure to pass on that question at the former hearing could not determine the action of the court on a like question, where there has been another trial, still it is to be presumed that this court regarded the evidence as sufficient to authorize the recovery, for if not, it would have been so adjudged as to prevent future litigation. Besides, this is the second verdict on the same facts, and while there is no valid reason for discrediting the testimony of the engineer, there is an apparent conflict in the evidence. The owner of the animal says that he discovered no tracks made by the animal or other indications of its being struck by the cars at the place designated by appellant's witness, but he did find tracks and blood at other points at and near where the animal was found. Where the mare was killed, or rather thrown on the side of the road, there seems to have been a narrow cut in the road so hemmed in by bushes and briers as to prevent any escape except by taking the road, and while in this position on the side of the track and unable to escape, the crippling might have been inflicted, and

from the statement of the owner it is altogether plausible. The jury had the witnesses before them, and were fully acquainted with the location of the road, either from their personal knowledge or from the proof. It was not necessary that the jury should have been sent to the place in order that they might have a view of the surroundings. The evidence was plain as to the character of the ground and the locality of the crossing, as well as the approach to it, and to have sent the jury to view the spot would have been a reckless waste of time.

While the instructions given for the appellee may be, to some extent, objectionable, they were cancelled by the instruction given for the defendant; and in fact those given for the defendant were more favorable than they should have been. While this court on the former hearing failed to pass on the facts, when the question was directly made, and when two juries have found a verdict for the appellee on the same facts, it becomes very persuasive that the evidence of the owner of the animal should have some weight in determining the question at issue, and this court will not, therefore, disturb the verdict.

The damages, however, ought not to have been awarded on the judgment. There was no time nor place designated in the notice for making the appraisement; nor should it have been made on the same day the notice was given. The parties ought to be afforded an opportunity for taking proof, so that the appraisement might be fairly made. The fact that the appraisement went to the jury as evidence was erroneous; but the appraisers having been examined as witnesses on the trial, no injury need have resulted from it.

The judgment is *reversed* with directions to set aside the order awarding damages and permit the judgment on the verdict to stand. The appellee must pay the costs.

*Lyttleton Cooke, for appellant.*

*W. H. Chelf, for appellee.*